VINCENZO SCIALLI, RESPONDENT, v. JULIUS CORREALE, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

S. agreed to sell to C. a quantity of grapes, the contract containing a clause "being part of the same grapes contracted to be purchased by the said party of the first part from one Antonio Pirone by agreement dated March 1st, 1920, a copy of which said agreement is hereto annexed." Pirone failed to deliver the grapes to S., and, consequently, S. could not deliver to C. *Held*, that the parties, by their contract, contemplated that Pirone would deliver the grapes to S. and when S. failed to receive the grapes from Pirone, through no fault of his, he was excused from performance.

On appeal from the Supreme Court.

For the appellant, *Lichtenstein & Lichtenstein*.

For the respondent, *Queen & Stout*.

The opinion of the court was delivered by

WALKER, CHANCELLOR.    Plaintiff brought suit in the Supreme Court on two promissory notes.    Defendant answered, admitting the allegations of the complaint, and filed a counter-claim for damages for the breach by the plaintiff of a contract for the sale of grapes.    Under this contract plaintiff agreed to sell to the defendant, and the defendant agreed to purchase from the plaintiff, twenty-eight carloads of grapes of different varieties.    The contract contained this clause:

"Being part of the same grapes contracted to be purchased by the said party of the first part from one Antonio Pirone by agreement dated March 1st, 1920, a copy of which said agreement is hereto annexed."

The cause was tried at Circuit and defendant proved that plaintiff had failed to deliver any of the grapes under the contract.    Plaintiff, by way of defence to this, proved that Pirone failed to deliver the grapes to him in accordance with their contract, contending that by reason thereof, he, plaintiff, was relieved from any obligation to make delivery of the twenty-eight carloads contracted to be sold by him to the defendant.    At the conclusion of the trial plaintiff moved for a direction of a verdict for the amount due him on his notes, which motion was granted upon the ground that the clause above quoted from the contract of the parties to this suit, made the Pirone contract a part of it, and that performance by Pirone was a condition precedent to the performance by the plaintiff of the contract sued on in defendant's counter-claim, and that, as Pirone failed to perform his contract, the plaintiff was powerless to perform his, and defendant, therefore, had no cause of action against the plaintiff; to which ruling defendant excepted.    The ruling was right, and the judgment entered thereon is valid and should be upheld.

In *Middlesex Water Co.* v. *Knappman-Whiting Co.*, 64 *N. J. L.* 240, Mr. Justice Depue, speaking for this court, said (at *p.* 249):

"The general rule of law applicable to such agreement is that where there is a positive contract to do a thing, not in itself unlawful, the contractor must perform it or pay dam-

ages for not doing it, although, in consequence of unforeseen accidents, the performance of his contract has become unexpectedly burdensome or even impossible."

And (at *p.* 251):

"To this general rule there are three exceptions. I know of no other. They are as follows: First, where the subsequent impossibility is imposed by law; secondly, where the continued existence of something essential to the performance is an implied condition of the contract; thirdly, in contracts for personal services, in which there is generally the implied condition that the person who is to render the service is alive."

The facts of the instant case bring it within one of the exceptions mentioned in the Middlesex Water case, namely, the second, that where the continued existence of something essential to the performance is an implied condition of the contract, performance is excused. It is to be borne in mind that the grapes to be delivered by Scialli to Correale were part of the very same grapes contracted to be purchased by Scialli from Pirone under agreement between them which was made part of the contract between the parties to this suit. Now, when Scialli failed to receive the grapes from Pirone, through no fault of his (Scialli's), he was excused from performance, because performance was impossible.

The reasoning of Mr. Justice Blackburn in *Taylor* v. *Caldwell*, 3 *Best & S.* 826, cited by Mr. Justice Depue in the Middlesex Water case (64 *N. J. L.*, at *p.* 252), is apposite. The result was there placed upon the principle that "where, from the nature of the contract, it appears that the parties must from the beginning have known that it could not be fulfilled unless when the time for the fulfillment of the contract arrived some particular, specified thing continued to exist, so that when entering into the contract they must have contemplated such continued existence as the foundation of what was to be done." And this case (Taylor *v.* Caldwell) was also cited with approval by Mr. Justice Swayze, speaking for the Supreme Court in *Perlee* v. *Jeffcott,* 89 *Id.* 34, in which he also relies upon the Middlesex Water case.

The application of the doctrine of these cases to the one at bar is that the parties to this suit by their contract contemplated that Pirone would deliver his grapes to Scialli, as they expressly stipulated that Scialli was to sell and deliver to Correale the grapes which he was to obtain from Pirone, and those only. In fact, in the case *sub judice* reliance does not have to be placed upon an implied condition in the contract between the parties, for, as above pointed out, their contract was express as to the grapes to be delivered, *being part of the same grapes contracted to be purchased by Scialli from Pirone*, a copy of whose agreement was annexed to the contract between the parties to this suit.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—SWAYZE, J. 1.